# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**JOHN KELLISON,**
**Claimant Below, Petitioner**

**FILED**
August 11, 2016
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)    No. 15-0796**  (BOR Appeal No. 2050231)
(Claim No.2012016997)

**DUNHAM'S ATHLEISURE CORPORATION,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner, John Kellison, by George Zivkovich, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Dunham's Athleisure Corporation, by Steven K. Wellman, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated July 30, 2015, in which the Board affirmed the February 5, 2015, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges determined the claims administrator's February 27, 2013, decision denying the request to reopen the claim for payment of temporary total disability benefits for the period from June 26, 2012, to January 30, 2013, was moot due to the claims administrator's May 8, 2014, decision. It determined the claims administrator's February 27, 2013, decision denying the addition of lumbar sprain/strain, thoracic sprain/strain, and lumbar radiculitis/radiculopathy as compensable conditions was moot due to the claims administrator's May 8, 2014, decision. It also determined the claim administrator's February 28, 2013, decision denying chiropractic treatment was moot due to the claims administrator's May 8, 2014, decision. Next, the Office of Judges affirmed, in part, and reversed, in part, the claims administrator's May 8, 2014, decision adding lumbar strain/sprain as a compensable condition and denying the addition of thoracic sprain/strain and lumbar radiculitis/radiculopathy as a compensable condition. Finally, the Office Judges reversed and remanded the claims administrator's June 6, 2014, and June 16, 2014, decisions denying requests to reopen the claim for temporary total disability benefits. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these

1

reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

John Kellison sustained an injury to his back while lifting boxes on April 14, 1998, for a previous employer. As a result of that injury, Mr. Kellison was diagnosed with displacement of the lumbar intervertebral disc without myelopathy, lumbar sprain, and leg pain. He underwent surgery on March 14, 2001, for his lumbar spine including an L4-5 medical fasciectomy, hemilaminotomy, and discectomy due to L4-5 herniated disc causing leg pain. He recovered from that surgery and resumed work.

Mr. Kellison was injured on November 3, 2011, while he was getting a deer tree stand off of a shelf for a customer. He was on a ladder handing the stand down to the customer when he felt pain and tingling in his left arm. He was seen by physicians at Med Express and diagnosed with a left shoulder sprain. He completed a first report of injury, and the left shoulder sprain was held compensable by the claims administrator.

Mr. Kellison worked in a light duty capacity while he underwent physical therapy for his left shoulder. On April 9, 2012, after his physical therapy session, Mr. Kellison was experiencing back pain. He did not go to physical therapy on April 12, 2012, due to the back pain. On April 18, 2012, he presented to physical therapy with minimal soreness. Mr. Kellison reported his low back was feeling much better. However, he reported his low back had been severely uncomfortable after the upper thoracic manipulation on April 9, 2012, and that he had experienced pain radiating into his right leg that caused him to stay home from work.

On May 4, 2012, Mr. Kellison returned to physical therapy with severe back spasms of insidious onset the day before. On May 16, 2012, Mr. Kellison reported to his physical therapist that his shoulder was better after not having lifted at work for a couple of weeks, and he requested to be discharged from therapy. He was discharged with instructions to do exercises at home. On May 18, 2012, Mr. Kellison was released to return to work with no restrictions. However, he stopped working on June 26, 2012, due to back pain.

Mr. Kellison presented to David R. Hall, D.C., on June 26, 2012, with a chief complaint of pain in his mid and low back, which was a new condition occurring in the last three months. He complained of bilateral pain radiating down his legs that started in April of 2012, when the physical therapist manipulated his mid back. A roentgenological report noted apparent moderate myospasm of the thoracic and lumbar spine, narrowed disc spaces between L4-L5, osteoarthritis of the L4-S1 region, and multiple spinal mis-alignments. His treatment plan was for chiropractic care three times a week for four weeks.

An August 7, 2012, MRI of the lumbar spine showed six lumbar type vertebrae with marked degenerative disc changes, a shallow foraminal disc protrusion to the right at L5-L6, and facet osteoarthritis at L4-L5. On August 15, 2012, Dr. Hall changed the treatment plan to include chiropractic care two times per week for three weeks and then one time per week for six weeks.

Abdi Ghodsi, M.D., evaluated Mr. Kellison on January 23, 2013, at the request of Dr. Hall. Mr. Kellison presented with complaints of lower back pain and lower extremity radicular symptoms. Dr. Ghodsi noted the 2001 discectomy. However, Mr. Kellison denied having any lower back pain since that time. Dr. Ghodsi diagnosed low back pain, degeneration of lumbar intervertebral disc, and lumbosacral neuritis/radiculopathy. He recommended a pain clinic consultation with Sarah Limer, FNP, BC, who evaluated Mr. Kellison on February 6, 2013. She diagnosed low back pain, lumbar arthropathy, lumbar degenerative disc disease, lumbar radiculitis, myofascial pain, and pain of the thoracic spine. She recommended epidural steroid injections, use of physical therapy in the future, and a thoracic spine MRI. Ms. Limer noted the exam was limited due to suboptimal effort by Mr. Kellison.

Marsha Bailey, M.D., performed an independent medical evaluation on March 27, 2014. She diagnosed chronic left shoulder pain and limited range of motion as well as chronic low back pain without true radiculopathy. In Dr. Bailey's opinion, Mr. Kellison sustained simple sprains and strains to his lumbar spine and lower thoracic spine as a result of the work injury. There was no indication of a herniated disc or nerve root compression on the August 7, 2012, MRI. She recommended Mr. Kellison have a left shoulder MRI and follow-up with an orthopedist for his left shoulder. She recommended epidural injections or facet injections for the lumbar spine. She did not recommend any specific treatment for the thoracic spine. In Dr. Bailey's opinion, the prognosis was not good due to the length of time Mr. Kellison had been symptomatic, his high pain focus, and his elevated perceived disability. She found that his subjective complaints grossly outweighed the objective findings.

The Office of Judges entered an Order on February 5, 2015, regarding seven decisions of the claims administrator. In the Order, the Office of Judges affirmed, in part, and reversed, in part, the decision of the claims administrator adding lumbar sprain/strain as a compensable condition but denying the addition of thoracic sprain/strain and lumbar radiculitis/radiculopathy as compensable conditions. It reversed the decision in regard to the denial of the addition of thoracic sprain/strain as a compensable condition. In doing so, the Office of Judges relied on the medical records of Dr. Hall and the medical reports of Dr. Ghodsi and Dr. Bailey. It noted that Dr. Hall's medical records showed Mr. Kellison was being treated for mid to low back pain and he listed thoracic strain/sprain as a secondary diagnosis. Dr. Ghodsi diagnosed thoracic spine pain. Additionally, Dr. Bailey determined Mr. Kellison sustained a thoracic sprain following the incident in physical therapy. Therefore, the Office of Judges determined that Mr. Kellison had established that he developed thoracic sprain/strain in the course of and resulting from his employment.

The Office of Judges affirmed the claim administrator's decision denying the addition of lumbar radiculitis/radiculopathy as a compensable condition. It determined that Mr. Kellison had not established that he developed lumbar radiculitis/radiculopathy in the course of and resulting from his employment. The Office of Judges relied on the medical records of Dr. Hall and the medical reports of Dr. Ghodsi and Dr. Bailey. The medical records of Dr. Hall showed that Mr. Kellison did not establish a consistent pattern of pain radiating to the lower extremities until six months after the physical therapy incident, Additionally, there was no diagnosis of lumbar radiculopathy until Dr. Ghodsi's diagnosis on January 23, 2013, which was nine months after the

3

physical therapy incident. Additionally, Dr. Bailey found no evidence of a herniated disc or nerve root compression when she reviewed the August 7, 2012, MRI. Moreover, the medical records showed Mr. Kellison has had surgery at the L5 level and has marked degeneration at the L5-L6 level. As the root of the radiating pain was the L5 level. The Office of Judges determined that the radiculopathy was brought on by degenerative changes. Moreover, as the radiating pain was not consistent until six months after the physical therapy incident, it was not an aggravation of the pre-existing degenerative changes.

The Office of Judges affirmed the claims administrator's decision denying physical therapy and/or chiropractic care after July 26, 2012. It determined Mr. Kellison was only entitled to medical treatment for the period from June 26, 2012, through July 26, 2012. In making this determination, it relied on West Virginia Code of State Rules §85-20-46.4 (2006) which states, in part:

> If care continues to the thirtieth day and the injured worker lost no time or is back to work, shows significant documented functional and clinical signs of improvement, and has not reached maximum medical improvement, continued care is appropriate.

The Office of Judges stated that Mr. Kellison lost time from work after the physical therapy incident, eventually quit the position, and has not returned to work. It then relied on West Virginia Code of State Rules §85-20-46.3 which disallows physical medicine treatment past the forty-fifth day unless a consulting physician recommends further care. The consulting physician in this case did not recommend further care. Therefore, it was proper for the claims administrator to deny authorization of chiropractic care after July 26, 2012.

The Office of Judges reversed and remanded the June 6, 2014, and June 16, 2014, decisions of the claims administrator closing the claim for temporary total disability benefits. The Office of Judges determined the claims administrator had closed the claim for temporary total disability benefits prior to thoracic sprain/strain being added as a compensable condition. Temporary total disability benefits were paid for the period from June 16, 2012, through February 6, 2013. Therefore, the claims administrator needed to evaluate whether temporary total disability benefits should have been extended beyond February 6, 2013, due to the thoracic sprain/strain.

The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order. After review, we agree with the reasoning of the Office of Judges and the conclusions of the Board of Review. The medical evidence shows Mr. Kellison sustained a thoracic strain/sprain while he was being treated for his work injury. Thoracic strain/sprain should be added as a compensable condition, and the claims administrator should determine if any additional temporary total disability benefits should be paid as the result of this condition being added to the claim. The medical evidence also shows Mr. Kellison has received chiropractic treatment for his lumbar spine in accordance with West Virginia Code of State Rules.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed

Affirmed.

**ISSUED: August 11, 2016**

**CONCURRED IN BY:**
Chief Justice Menis E. Ketchum
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II